IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 03-cv-2155-WDM-BNB

EDWARD L. PYEATT,

    Applicant,

v.

E. J. GALLEGOS, Warden,

    Respondent.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on the recommendation of Magistrate Judge Boyd N. Boland, issued March 15, 2005, that the amended Application for Writ of Habeas Corpus (the "Application") filed by Edward L. Pyeatt ("Petitioner") be dismissed in part and denied in part. Petitioner filed a timely objection to the recommendation. 28 U.S.C. § 636(b).

I have reviewed *de novo* the pertinent portions of the record in this case, including the Application, the Respondent's Answer to Order to Show Cause, the recommendation, and Petitioner's objection. For the reasons that follow, I accept the recommendation.

Petitioner was incarcerated by the Bureau of Prisons ("BOP") at the Federal Correctional Institution in Florence, Colorado during the time period relevant to the Application. He raises three claims in the Application: (1) denial of due process in connection with a disciplinary hearing; (2) improper calculation of his sentence; and (3) improper search and seizure by the BOP of his legal mail.

1.   Claim One: Disciplinary Hearing

Petitioner was subject to a disciplinary proceeding on February 28, 2003 in connection with damage to his mattress. Petitioner argues that he was denied his due process rights in that hearing. Magistrate Judge Boland recommended that the claim be dismissed with prejudice because Petitioner did not timely file an appeal of the hearing officer's decision; accordingly, his claim is not exhausted and is defaulted. In his objection, Petitioner requests that I take note of the date of several documents and further argues that the Inmate Systems Manager intentionally held up his claim to make it untimely. I have reviewed the documents identified by Petitioner and see no error in Magistrate Judge Boland's determination. Moreover, Petitioner has presented no competent evidence to support his contention that he timely submitted an appeal of the disciplinary officer's decision.[1]

2.   Claim Two: Sentence Calculation

Petitioner's second claim concerns the BOP's calculation of his sentence, which Magistrate Judge Boland addressed on the merits. Magistrate Judge Boland reviewed the applicable statutes and the circumstances of Petitioner's sentencing and incarceration and concluded that the BOP's calculation was correct. In his objection, Petitioner does not identify any legal error or factual dispute in connection with the recommendation or the

---

[1] In addition, the evidence presented demonstrates that the due process requirements of *Wolff v. McDonnell,* 418 U.S. 539, 563-66 (1974) were satisfied, including written notice of the charges at least 24 hours before the hearing, the opportunity to call witnesses and present documentary evidence in Petitioner's defense, and a written statement of the fact finders as to the evidence relied on and the reason for the disciplinary action taken. Petitioner's argument that he was entitled to additional procedural protections is unavailing.

calculation. Accordingly, I agree that Petitioner's second claim should be denied.

3.      Claim Three: Search of Petitioner's Mail

In his third claim, Petitioner contends that BOP agents searched and seized his mail in violation of the First, Fourth, and Fifth Amendments. Magistrate Judge Boland recommended that this claim be dismissed without prejudice because it is a challenge to the conditions of Petitioner's confinement and is not properly the subject of a habeas action. Rather, it should be addressed in an action brought pursuant to 42 U.S.C. § 1983. In his objection, Plaintiff appears to contend that since his mail contained pleas to establish his innocence, the alleged interference with his mail is properly included in this Petition. I disagree. The substance of this claim concerns the conditions of Petitioner's confinement, not the fact or duration of his custody. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (a habeas corpus proceeding "attacks the fact or duration of a prisoner's confinement and seek the remedy of immediate release or a shortened period of confinement" whereas civil rights action "attacks the conditions of the prisoner's confinement and requests monetary compensation for such conditions.") (citations omitted). I agree with Magistrate Judge Boland that dismissal of this claim without prejudice is appropriate.

Accordingly, it is ordered:

1.      The recommendation of Magistrate Judge Boland, issued March 15, 2005, is accepted.

2.      Petitioner's first claim is dismissed with prejudice.

3.      Petitioner's second claim is denied.

4.        Petitioner's third claim is dismissed without prejudice.

5.        Since all claims are dismissed or denied, the case is dismissed.

DATED at Denver, Colorado, on March 7, 2007.

BY THE COURT:

s/ Walker D. Miller
United States District Judge